IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARRIET BELTON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY | : | NO. 12-3514 |

**MEMORANDUM**

Padova, J.                                                                                                                                                                                                          January 22, 2013

Plaintiff Harriet Belton brought this action seeking judicial review of a decision of the Commissioner of the Social Security Administration ("the Commissioner") for Supplemental Security Income benefits ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq. Presently before the Court is Defendant's Motion to Remand. For the following reasons, we grant the Motion to Remand.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed an application for SSI on June 5, 2009. (R. at 140.) Plaintiff's application was denied on October 6, 2009, and Plaintiff timely filed a request for hearing by an Administrative Law Judge ("ALJ") on December 11, 2009. (Id. at 73, 78.) On July 22, 2010, an ALJ found that Plaintiff suffers from mild degenerative disc disease of the lumbar spine and borderline intellectual functioning. (Id. at 24.) The ALJ further found that Plaintiff's impairments did not meet a listed impairment, that Plaintiff has the residual functioning capacity to perform light work, and that Plaintiff could perform her past relevant work as a cleaner. (Id. at 24-31.) With respect to these impairments, the ALJ concluded that Plaintiff was not disabled and thus not entitled to benefits. (Id. at 31.)

Plaintiff timely requested review by the Appeals Council, which denied Plaintiff's request and affirmed the ALJ's decision on April 19, 2012. (Id. at 1.) Plaintiff then commenced this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c), seeking reversal of the Commissioner's decision and an award of benefits, or in the alternative, remand to the Commissioner.

## II.  LEGAL STANDARD

A district court "may remand a final decision of the Commissioner regarding the entitlement of a claimant to social security benefits only as provided in sentences four and six of 42 U.S.C. § 405(g)." Shank v. Barnhart, Civ. A. No. 02-306, 2002 WL 1839163, at *1 (E.D. Pa. Aug. 9, 2002). Defendant moves to remand pursuant to sentence four. (Def.'s Mot. at 1.) Under sentence four, a district court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405(g).

A district court should decline to remand, and instead award benefits, "when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the Claimant is disabled and entitled to benefits." Gilliland v. Heckler, 786 F.2d 178, 184 (3d Cir. 1986) (citations omitted). In such a case, "it is unreasonable for the court to give the ALJ another opportunity to consider new evidence concerning the disability because the administrative proceeding would only result in further delay in the receipt of benefits." Id. at 185 (citations omitted). "Such a decision is especially appropriate when the disability determination process has been delayed due to factors beyond the claimant's control." Brownawell v. Comm'r of Soc. Sec., 554 F.3d 352, 358 (3d Cir. 2008) (citing Podedworny v.

Harris, 745 F.2d 210, 221-22 (3d Cir. 1984) and Morales v. Apfel, 225 F.3d 310, 320 (3d Cir. 2000)).

III. DISCUSSION

Defendant moves for remand, noting that "this case would benefit by further developing the record and re-evaluating Plaintiff's claim of disability." (Def.'s Mot. at 1.) Defendant specifically notes that on remand, the Appeals Council will vacate the ALJ's decision, and Plaintiff will have a new hearing at which Plaintiff may submit additional evidence, and after which an ALJ will re-evaluate Plaintiff's claims.

Plaintiff opposes Defendant's Motion to Remand, on the basis that the evidence before this Court supports a finding of "disabled" without remanding for further proceedings. Plaintiff specifically argues that she meets the criteria set forth in Listing 12.05C, which provides that: "[m]ental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Part 404, Subpart P, Appendix 1, at 12.05. The required level of severity for this disorder can be met when "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function[.]" Id. at 12.05C.

The ALJ found that Listing 12.05C was not met because, although Plaintiff tested in January 2009 at a full-scale IQ of 69, Plaintiff did not test within the range required by Listing 12.05C in high school, and since that time, she had worked as an unskilled laborer. (R. at 25.) Plaintiff argues that the ALJ relied on a written interpretation of her high school test rather than

3

the IQ scores themselves. Plaintiff further argues that the report of her high school IQ test actually states that she attained scores in the second, fifteenth, and fourth percentiles, and that the regulations require that the Commissioner credits the lowest IQ score in an IQ series test; therefore, her second percentile score corresponds to an IQ score of 68-70, which satisfies Listing 12.05C. Plaintiff also argues that the Commissioner's finding that Plaintiff worked at unskilled jobs after high school was not a proper consideration under Listing 12.05C.

Although Plaintiff maintains that the record shows that the IQ scores she received during high school satisfy Listing 12.05C, her high school IQ test report only lists the percentiles that Plaintiff's scores fell into, not Plaintiff's actual IQ scores. (R. at 224.) Plaintiff, in her Response to Defendant's Motion, cites an Internet site to support a percentile-to-score conversion that would show that her high school IQ percentiles constitute an IQ score in the range of 60-70, but the record does not contain any comparable conversion chart. Similarly, there is no evidence in the record that shows that the ALJ failed to perform a percentile-to-scale conversion in his consideration of Plaintiff's high school IQ scores. In his Motion to Remand, Defendant specifically notes that a new hearing would require an ALJ to "re-evaluate Plaintiff's mental impairments," and, if warranted, "obtain medical expert testimony regarding whether . . . Plaintiff's impairments meet Listing 12.05C." (Def.'s Mot. at 2.)[1] Plaintiff also claims that we should award benefits because the ALJ took a "myopic view" of her work history (Pl.'s Br. and Stmt. of Issues at 11). Indeed, remanding for a new hearing will give Plaintiff the opportunity to put forward additional evidence to explain and contextualize her work history. Thus, it is not

---

[1] Plaintiff asks that, if we grant Defendant's Motion, we order the ALJ to elicit testimony from a medical expert in psychology, because such testimony was not obtained in Plaintiff's first hearing. We decline to do so, as such an order would intrude upon the ALJ's role as fact finder.

clear that "the administrative record of the case has been fully developed" or that "substantial evidence on the record as a whole indicates that the Claimant is disabled and entitled to benefits." Gilliland, 786 F.2d at 184.

Moreover, Plaintiff now opposes Defendant's Motion to Remand, even though Plaintiff's initial submission to this Court requested us to award benefits, or "in the alternative, remand her case to the Commissioner for a proper determination with respect to her claim." (Pl.'s Br. and Stmt. of Issues at 1.) Plaintiff filed her application for SSI in 2009, and has not articulated any way in which her disability determination has been "delayed due to factors beyond [her] control." Brownawell, 554 F.3d at 358 (citing Podedworny, 745 F.2d at 221-22 and Morales, 225 F.3d at 320). For all of these reasons, we conclude that Plaintiff's case requires a remand to the Commissioner for a new hearing and re-evaluation of her eligibility for benefits, and accordingly, we grant Defendant's Motion to Remand under sentence four of 42 U.S.C. § 405(g).

## IV. CONCLUSION

For the foregoing reasons, we grant Defendant's Motion to Remand. Appropriate orders follow.[2]

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.

---

[2] A remand under sentence four of 42 U.S.C. § 405(g) requires the district court to enter a separate final judgment "affirming, modifying, or reversing the decision of the Commissioner" pursuant to Fed. R. Civ. P. 58. See Shalala v. Schaefer, 509 U.S. 292, 297-98 (1993).